<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 16-6619

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 29, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ANTHONY C. BARRETT,  )<br>  )<br>  Petitioner-Appellant,  )<br>  )<br>v.  )<br>  )<br>MICHAEL SEPANEK, Warden,  )<br>  )<br>  Respondent-Appellee.  )  | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |

<u>O R D E R</u>

Before: COLE, Chief Judge; GUY and GILMAN, Circuit Judges.

Anthony C. Barrett, a federal prisoner proceeding pro se, appeals the district court's judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. He has also moved for leave to proceed in forma pauperis. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Barrett pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to concurrent prison terms of 228 months and ordered him to pay restitution to Huntington Bank in the amount of $6,195.15. The judgment stated that, while incarcerated, Barrett was to pay 25 dollars per quarter toward the restitution obligation if working in "a non-UNICOR or Grade 5 UNICOR job" or 50 percent of his monthly pay if working in "a Grade 1-4 UNICOR job." The judgment further stated that payment of the

restitution obligation was due in full immediately through participation in the Bureau of Prisons Inmate Financial Responsibility Program. Barrett did not appeal his conviction or sentence.

In 2016, Barrett filed a petition for a writ of habeas corpus under § 2241. He argued that he had been improperly placed on refusal status for the Inmate Financial Responsibility Program when he failed to make the required monthly payment because the district court's judgment did not set forth a schedule of restitution payments for when he was not working. Upon initial screening, the district court denied Barrett's petition, concluding that his claim was not cognizable in a habeas petition because it did not challenge the fact or duration of his physical confinement. The court further declined to construe Barrett's petition as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because it would be subject to dismissal, given Barrett's failure to show that he had exhausted his administrative remedies.

On appeal, Barrett argues that the district court erred by denying his petition. We review de novo a district court's denial of a habeas petition under § 2241. *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014).

The district court erred by concluding that Barrett's claim is not cognizable in a § 2241 petition because it challenges the execution of a portion of Barrett's sentence. *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (noting that a challenge to the manner or execution of a sentence is appropriate under § 2241); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (concluding that the petitioner's claim that he was improperly placed on refusal status for the Inmate Financial Responsibility Program was cognizable in a § 2241 proceeding as a challenge to the execution of his sentence). And, because lack of exhaustion is an affirmative defense, Barrett's § 2241 petition was not subject to dismissal at the screening stage for failure to plead facts or attach exhibits showing that he exhausted his administrative remedies. *See Luedtke*, 704 F.3d at 466.

No. 16-6619
- 3 -

Accordingly, we **GRANT** Barrett's motion for leave to proceed in forma pauperis for the limited purpose of this review, **VACATE** the district court's judgment, and **REMAND** for further proceedings.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk