UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

ANTHONY BARRETT,

    Petitioner,

v.

MICHAEL SEPANEK, Warden,

    Respondent.

Civil Action No. 7:16-136-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Anthony Barrett is an inmate formerly incarcerated at United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky. Proceeding without counsel, Barrett filed a federal habeas petition in this Court pursuant to 28 U.S.C. § 2241. [R. 1].

In 2011, Barrett pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Barrett*, No. 2:11-cr-173-ALM-TPK-1 (S.D. Ohio 2011). Barrett was sentenced to a term of two hundred twenty-eight (228) months on each count, to be served concurrently, and ordered to pay $6,195.15 in restitution, to be paid jointly and severally with Barrett's co-defendants. The district court further instructed, "While incarcerated, if the defendant is working in a non-UNICOR or Grade 5 UNICOR job, he shall pay $25 per quarter toward the restitution obligation. If working in a Grade 1-4 UNICOR job, the defendant shall pay 50% of his monthly pay toward the restitution obligation. Any change in the schedule shall be made only by order of this Court." *Id.* at R. 76, Judgment. Barrett was also ordered to pay a special assessment of $100.00 for each of the two counts, for a total of $200.00. The Judgment also directed that the payment of Barrett's total fine

1

and penalties shall be due in full immediately or through participation in the Bureau of Prisons ("BOP") Inmate Financial Responsibility Program ("IFRP").

In his §2241 petition filed in this Court, Barrett argues that he has been placed on "refusal" status for the IFRP improperly because the judgment in his criminal case did not set forth a schedule of restitution payments for when he is not working. [R. 1]. According to Barrett, the BOP should not have imposed sanctions on him for failing to pay restitution because only the judge that imposed his sentence, not the BOP, has authority to set up a schedule of payments in the event that he is not working. [*Id*.].

Although this Court initially denied Barrett's habeas petition as presenting claims not cognizable in a § 2241 petition [R. 6], this denial was reversed by the Sixth Circuit Court of Appeals. [R. 13, 16]. After the case was remanded, the Court directed the Respondent to file a response to the petition, which has now been filed. [R. 21].

In response to the petition, the Respondent submits evidence that the restitution in Barrett's criminal action has now been paid in full and the $200.00 special assessment that Barrett was previously ordered to pay expired pursuant to 18 U.S.C. § 3013(c). [R. 21]. Thus, according to Respondent, there are no monies left to be collected from Barrett, he is no longer participating in the IFRP and he is no longer on "refusal" status. [*Id*.].

Article III's case or controversy requirement limits the federal courts' jurisdiction to addressing "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)(citation omitted). If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot, and the court loses jurisdiction to entertain it. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)(internal citations and quotation marks omitted).

In this case, monies are no longer being collected from Barrett and he is no longer on "refusal" status. Thus, he is no longer subject to the sanctions for failing to participate in the IFRP that were the basis of his § 2241 petition and there is nothing left for the Court to do. Therefore, the Court will deny Barrett's petition as moot. *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009).

Accordingly, it is hereby **ORDERED** as follows:

1. Barrett's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED AS MOOT**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated May 8, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY